## Harris, Appellant, *v.* Schuylkill River East Side R. R. Co. and Union Trust Co.

*Railroads—Eminent domain—Bond—Condemnation proceedings—Assumpsit—Judgment.*

An action of assumpsit cannot be sustained upon a right of way bond where it appears from the statement filed in the case that judgment had been obtained against the railroad company for damages, although the statement avers that such judgment was improperly and fraudulently procured under an alleged agreement of the parties without trial or submission of evidence.

Argued Jan. 4, 1894.  Appeal, No. 57, July T., 1893, by plaintiff, Amanda G. Harris, from judgment of C. P. No. 2, Phila. Co., June T., 1892, No. 267, on judgment sustaining demurrer to statement.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Assumpsit on right of way bond.

Plaintiff's statement was as follows:

"That on or about Nov. 2, 1885, the said Schuylkill River East Side Railroad Co., a railroad corporation organized under the laws of Pennsylvania, intended to lay its tracks over land belonging to said plaintiff, and to acquire a right of way over said land, delivered to said plaintiff, through her attorney, a bond, in accordance with the statutes in such cases made, for the sum of $30,000, executed by said defendants to Henry G.

Harris, and which is duly assigned to the said plaintiff, a copy of which is hereto attached as part hereof.

" That thereafter, on Feb. 3d, 1886, the said railroad company filed its petition for the appointment of viewers, etc., in the Court of Common Pleas, No. 2, of Phila. Co., of Dec. T., 1885, No. 773.

" That in said proceedings the viewers appointed under said petition on Jan. 18, 1887, filed their report, awarding the sum of $3,250 as damages in favor of Henry G. Harris. That from said report the said Amanda G. Harris, plaintiff herein, took her appeal. That said railroad company also elected to join in an appeal from said award of $3,250. That upon said appeal coming on to be heard the said railroad company, contrary to the statutes in such case made, improperly and fraudulently induced, and procured, without the submission of evidence or a trial, an alleged, agreement as to the amount of damages to be entered as a verdict, and thereon afterward entered a judgment in favor of said plaintiff herein for the sum of $4,193 to the great injury of the said plaintiff, whose damages greatly exceeded the said amount.

" That thereupon and thereby the said railroad company has failed to well and truly perform the conditions of said bond, and the same has become due and payable, and the said plaintiff claims to recover from the said defendants the sum of $30,000.

" And for a further cause of action, the said plaintiff declares and alleges that the said railroad company, defendants, having so given the bond of the said defendants and taken said proceedings, and said appeal having come on to be heard, and a verdict having been improperly and illegally procured to be entered, the said plaintiff having thereafter learned the facts under which the said alleged verdict was entered, and that the said company had entered judgment, thereupon demanded of said railroad company that said verdict be set aside, and said judgment opened and her damages determined in accordance with the law and statutes in such case provided, and the said company refused to permit her said rights to be legally determined in accordance with the law and statutes, and set up the said judgment in bar of her further recovery, whereby she was greatly injured and the condition of said bond has been broken,

wherefore the said plaintiff claims to recover of the said defendants the further sum of $30,000.

" And for a further cause of action, that the said company having, under the statutes in such case made, given a bond of said defendants and thereupon entered upon and taken land of said plaintiff, and said plaintiff being the holder of said bond, the said Schuylkill River East Side Railroad Co. has wrongfully and fraudulently delayed, hindered and prevented the assessment of plaintiff's damages thereunder and thereby subjected the said plaintiff to heavy, onerous and unnecessary expenses, in addition to depriving her of her damages to her great injury and damage, wherefore she demands judgment against the said defendants for the sum of $30,000."

Defendant demurred to the statement specifying the following reasons : (1) The facts set forth fail to disclose a cause of action. (2) The action is in assumpsit, and the averments of the statement are both in assumpsit and in trespass. (3) It appears upon the face of the statement that the damages for the location and construction of defendant's railroad were ascertained according to law in a certain proceeding between the parties in C. P., No. 2, Phila. Co., Dec. T., 1885, No. 773, [affirmed in the Supreme Court, 156 Pa. 252,] and the condition of the bond thereby complied with. (4) The facts set forth in plaintiff's statement, so far as they are material, show that such action has been had according to law as renders the said bond void and of no effect. (5) Plaintiff, Amanda G. Harris, is without right to sue in her own name, upon the bond under seal, delivered to Henry G. Harris.

The court sustained the demurrer.

*Error assigned* was in sustaining demurrer.

*H. G. Harris*, for appellant ; *W. H. Addicks*, for appellee.

PER CURIAM, January 15, 1894 :

The court below was clearly right in sustaining the demurrer and entering judgment thereon in favor of the defendants.

Judgment affirmed.